**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

FILED
CHARLOTTE, NC

JUN 1 8 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

SEAN M. DUFF,

Plaintiff,

v.

TRUIST BANK and TRUIST FINANCIAL CORPORATION,

Defendants.

Case No. 3:26-CV-486-KDB

## COMPLAINT AND JURY DEMAND

## I. INTRODUCTION

1. This action arises from Defendants' wrongful servicing and foreclosure activities concerning Plaintiff's residential property located at 19 Russell Court, Troy, New York 12182.
2. Plaintiff sought in good faith to avoid foreclosure through loan-modification and loss-mitigation efforts.
3. Defendants represented that foreclosure-avoidance alternatives were available and encouraged Plaintiff to pursue loan-modification options.
4. Despite Plaintiff's efforts and ongoing communications, Defendants proceeded with foreclosure activity while loss-mitigation efforts remained unresolved.
5. Defendants subsequently claimed Plaintiff rejected modification opportunities but failed to provide documentation substantiating such alleged offers.
6. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of property rights, loss of equity, financial damages, credit damage, emotional distress, bankruptcy-related damages, and other consequential damages.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.
8. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.
9. Plaintiff is a citizen of New York.
10. Defendant Truist Financial Corporation maintains its principal place of business at 214 North Tryon Street, Charlotte, North Carolina.

11. Defendant Truist Bank conducts substantial business within the Western District of North Carolina.
12. The amount in controversy exceeds $75,000 exclusive of interest and costs.
13. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside within this District and maintain principal executive offices here.

## III. PARTIES

14. Plaintiff Sean M. Duff is an adult resident and citizen of New York.
15. Defendant Truist Bank is a banking institution conducting business throughout the United States.
16. Defendant Truist Financial Corporation is a corporation headquartered in Charlotte, North Carolina.

## IV. FACTUAL ALLEGATIONS

17. Plaintiff owned residential real property located at 19 Russell Court, Troy, New York 12182.
18. Defendants serviced, owned, controlled, or otherwise participated in the administration of Plaintiff's mortgage loan.
19. Plaintiff experienced financial difficulties and sought available loss-mitigation alternatives.
20. Plaintiff communicated with Defendants regarding loan-modification opportunities.
21. Defendants represented that modification opportunities were available.
22. Defendants provided a proposed modification that Plaintiff believed contained unreasonable and unaffordable terms.
23. Plaintiff attempted to negotiate alternative terms in order to retain ownership of the property.
24. Plaintiff remained willing to participate in a reasonable loan modification.
25. Rather than continuing negotiations, Defendants proceeded toward foreclosure.
26. Defendants later asserted that Plaintiff rejected modification opportunities.
27. Plaintiff denies rejecting any legitimate modification opportunity that would have allowed him to retain the property.
28. Upon information and belief, Defendants possess no documentation demonstrating that Plaintiff rejected any such modification offers.
29. Defendants failed to adequately evaluate available foreclosure-prevention alternatives before proceeding toward foreclosure.
30. Defendants scheduled and/or pursued foreclosure despite ongoing loss-mitigation efforts.
31. Defendants' actions deprived Plaintiff of a meaningful opportunity to avoid foreclosure.
32. As a direct and proximate result of Defendants' conduct and foreclosure activities, Plaintiff was forced to seek protection under Chapter 13 of the United States Bankruptcy Code in order to prevent the foreclosure and loss of his residence. Plaintiff incurred filing fees, court costs, administrative expenses, trustee obligations, damage to his creditworthiness, increased borrowing costs, restrictions on his financial affairs, emotional distress, mental anguish, and other consequential damages. Defendants' conduct placed Plaintiff in the untenable position of choosing between losing his home

through foreclosure or seeking bankruptcy protection. As a direct result of Defendants' conduct, Plaintiff suffered substantial damages.

COUNT I
Violation of RESPA
(12 U.S.C. § 2601 et seq.)

33. Plaintiff incorporates Paragraphs 1 through 32.
34. Defendants acted as mortgage servicers within the meaning of RESPA.
35. Plaintiff submitted loss-mitigation requests and sought foreclosure-avoidance assistance.
36. Defendants failed to properly evaluate, process, and respond to Plaintiff's requests as required by RESPA and Regulation X.
37. Defendants proceeded with foreclosure activity while loss-mitigation efforts remained unresolved.
38. Plaintiff suffered actual damages as a result.

COUNT II
Violation of FDCPA
(15 U.S.C. § 1692 et seq.)

39. Plaintiff incorporates Paragraphs 1 through 38.
40. To the extent Defendants qualify as debt collectors under the FDCPA, Defendants engaged in deceptive and misleading collection practices.
41. Defendants misrepresented material facts regarding loss-mitigation opportunities and foreclosure status.
42. Plaintiff suffered damages as a result.

COUNT III
Violation of TILA
(15 U.S.C. § 1601 et seq.)

43. Plaintiff incorporates Paragraphs 1 through 42.
44. Defendants failed to provide disclosures required by TILA and its implementing regulations.
45. Plaintiff suffered damages as a result.

COUNT IV
Wrongful Foreclosure

46. Plaintiff incorporates Paragraphs 1 through 45.
47. Defendants pursued foreclosure despite unresolved loss-mitigation efforts.
48. Defendants failed to act reasonably and in good faith.
49. Plaintiff suffered damages including loss of equity, bankruptcy-related losses, and property interests.

## COUNT V
## Breach of Contract

50. Plaintiff incorporates Paragraphs 1 through 49.
51. A valid mortgage contract existed between the parties.
52. Defendants failed to comply with contractual servicing and foreclosure obligations.
53. Plaintiff suffered damages as a result.

## COUNT VI
## Breach of the Implied Covenant of Good Faith and Fair Dealing

54. Plaintiff incorporates Paragraphs 1 through 53.
55. Defendants acted in bad faith by pursuing foreclosure while simultaneously engaging in modification discussions.
56. Plaintiff suffered damages.

## COUNT VII
## Negligent Misrepresentation

57. Plaintiff incorporates Paragraphs 1 through 56.
58. Defendants supplied false or misleading information regarding modification opportunities and foreclosure alternatives.
59. Plaintiff reasonably relied upon those representations.
60. Plaintiff suffered damages.

## COUNT VIII
## Promissory Estoppel

61. Plaintiff incorporates Paragraphs 1 through 60.
62. Defendants made promises concerning foreclosure alternatives and modification opportunities.
63. Plaintiff reasonably relied upon those promises to his detriment.
64. Injustice can only be avoided through enforcement of those promises.

## COUNT IX
## Declaratory Judgment

65. Plaintiff incorporates Paragraphs 1 through 64.
66. An actual controversy exists regarding the legality of Defendants' foreclosure actions.
67. Plaintiff seeks a declaration of the parties' rights and obligations.

## COUNT X
## Injunctive Relief

68. Plaintiff incorporates Paragraphs 1 through 67.
69. Plaintiff faces irreparable harm through the loss of real property.

70. Monetary damages alone are inadequate.

71. Equitable relief is necessary.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor;

B. Declare Defendants' foreclosure actions unlawful;

C. Award compensatory damages;

D. Award consequential damages;

E. Award damages for lost equity;

F. Award damages arising from Plaintiff's Chapter 13 bankruptcy filing, including filing fees, court costs, trustee payments, administrative expenses, and other bankruptcy-related losses;

G. Award damages for impairment of creditworthiness, increased borrowing costs, and loss of financial opportunities resulting from Defendants' conduct;

H. Award damages for emotional distress, mental anguish, anxiety, and hardship associated with the threatened loss of Plaintiff's residence and the necessity of seeking bankruptcy protection;

I. Award punitive damages where permitted by law;

J. Award statutory damages under applicable federal statutes;

K. Award pre- and post-judgment interest;

L. Award costs and attorney's fees where authorized by law;

M. Grant declaratory and injunctive relief; and

N. Grant such other relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Sean M. Duff
Plaintiff, Pro Se