**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00486-KDB-MTO**

| | |
|---|---|
| **SEAN M. DUFF,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRUIST FINANCIAL CORPORATION TRUIST BANK,**<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Amended Complaint (Doc. No. 23). On October 26, 2026, the Court entered a Roseboro Order directing Plaintiff to respond to the Motion on or before November 16, 2026, otherwise the Court would proceed to consider the Motion without a response. No response has been filed.

According to Defendant:

> This case is the latest attempt by Plaintiff Sean Duff to escape the consequences of a New York foreclosure action that has been pending since 2016. Duff lost the foreclosure action in 2019, but he has stalled the foreclosure sale by filing for bankruptcy three times, with each bankruptcy case being dismissed at various points because of some improper action or inaction by Duff. Duff filed this lawsuit in June of this year, seeking a declaration that the foreclosure was unlawful. Defendants moved to dismiss on several grounds, including that the *Rooker-Feldman* doctrine and claim preclusion barred Duff's claims. Duff's Amended Complaint tries and fails to plead around these defenses.
>
> Despite the repeated statements in the Amended Complaint claiming that Duff is not seeking to invalidate the foreclosure judgment, the Amended Complaint requests that the Court prevent the foreclosure sale authorized by that judgment. This Court should therefore dismiss Duff's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(1) because the Amended Complaint is nothing more than an improper attempt to appeal the New York state court's judgment to this Court in violation of the Rooker-Feldman doctrine. Further, even if this Court had

jurisdiction over Duff's claims, it should dismiss them with prejudice under FED. R. CIV. P. 12(b)(6) because the doctrine of claim preclusion bars them and Duff cannot plead the facts necessary to state a claim. Duff's fraud claim should also be dismissed under FED. R. CIV. P. 9(b).

After its own review of the Motion and in the absence of a response from Plaintiff, the Court will grant the Motion and dismiss this action for the reasons described by Defendant.

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss Amended Complaint (Doc. No. 23) is **GRANTED;**
2. Plaintiff's claims are **DISMISSED**; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 23, 2026

Kenneth D. Bell
United States District Judge